```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Robert L. Hillman,              :

      Plaintiff,              :

   v.                           :         Case No. 2:15-cv-625

Maryellen O'Shaughnessy,        :         JUDGE MICHAEL H. WATSON
et al.,
                              :         Magistrate Judge Kemp
      Defendants.

### REPORT AND RECOMMENDATION

    Plaintiff, Robert L. Hillman, a state prisoner, filed this civil rights action under 42 U.S.C. §1983 against Maryellen O'Shaughnessy, the Franklin County Clerk of Courts and John O'Grady, the former Franklin County Clerk of Courts and current Franklin County Commissioner.  Mr. Hillman has not paid the filing fee, but has filed a motion for leave to proceed *in forma pauperis.*  That motion was accompanied by the required trust fund statement from his institution.  In the usual case, the Court would assess a partial filing fee based on that trust fund statement.

    However, Mr. Hillman has had three or more cases dismissed in the past as frivolous or for failure to state a claim.  <u>See</u>, e.g., <u>Hillman v. Simms</u>, 2008 WL 5273912, Case No. 2:08-cv-717 (S.D. Ohio December 17, 2008), <u>affirmed</u> 2009 WL 650486 (S.D. Ohio March 11, 2009)(dismissed for failure to state a claim); <u>Hillman v. Simms</u>, 2009 WL 4682448, Case No. 2:09-cv-810 (S.D. Ohio December 3, 2009)(dismissed for failure to state a claim); <u>Muff v. Collins</u>, 2009 WL 233561, Case No. 2:08-cv-1027 (S.D. Ohio January 29, 2009)(dismissed for failure to state a claim).  This fact was noted by the Court in <u>Hillman v. Edwards</u>, Case No. 2:12-cv-850, <u>see</u> Opinion and Order (Doc. 6).

Under that portion of the Prison Litigation Reform Act codified at 28 U.S.C. §1915(g), the so-called "three strikes" rule, a prisoner may not bring a suit *in forma pauperis* if that prisoner "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Thus, he is not entitled to proceed *in forma pauperis* and to pay the filing fee in installments unless he can demonstrate that he meets the "imminent danger" requirement of §1915(g).  Otherwise, he must pay the entire filing fee (currently $400.00) at the outset of the case.

For purposes of determining whether a pleading satisfies this exception, the court considers whether the plaintiff is in imminent danger at the time of the filing of the complaint. Vandiver v. Vasbinder, 416 Fed.Appx. 560, 562 (6th Cir. March 28, 2011)(table)(noting that "the plain language of 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing").  Although the Court of Appeals has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate."  Rittner v. Kinder, 290 Fed.Appx. 796, 797 (6th Cir. August 20, 2008).  Moreover, "[a]llegations that the prisoner has faced danger in the past and allegations that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm."  Tucker v. Pentrich, 2012 WL 1700701, at *1 (6th Cir. May 15, 2012), citing Rittner, supra.

Mr. Hillman has not addressed the issue of "imminent danger" in his initial motion (#1).  Further, imminent danger is not apparent from the allegations of the complaint.  Rather, the focus of Mr. Hillman's complaint relates to the alleged misfiling

-2-

of a criminal complaint submitted by Mr. Hillman as a civil complaint.

In summary, Mr. Hillman has failed to show that he was under imminent danger of serious physical injury as defined by §1915(g) for purposes of his current complaint filed while he was incarcerated at the Chillicothe Correctional Institution. Consequently, the Court recommends that the pending motion to proceed *in forma pauperis* be denied and that Mr. Hillman be required to pay the entire $400.00 filing fee. The Court further recommends that, if Mr. Hillman fails to pay the entire filing fee within thirty days of an order adopting this Report and Recommendation, this action be dismissed without prejudice for failure to prosecute and that Mr. Hillman still be assessed the $400.00 filing fee. See, e.g., Cohen v. Growse, 2011 WL 947085, *5-6 (E.D. Ky. March 14, 2011); see also In re Alea, 286 F.3d 378, 381 (6th Cir. 2002).

## IV. Recommended Decision

Based on the above discussion, it is recommended that the motion to proceed *in forma pauperis* (#1) be denied and that plaintiff be required to pay the entire $400.00 filing fee. It is further recommended that plaintiff's failure to do so within 30 days of an order adopting this Report and Recommendation should result in this action being dismissed without prejudice for failure to prosecute and the assessment of the $400.00 filing fee against plaintiff.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

      The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

                                /s/ Terence P. Kemp
                                United States Magistrate Judge