# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Robert L. Hillman,**

    **Plaintiff,**

    **v.**

**Maryellen O'Shaughnessy,** *et al.,*

    **Defendants.**

**Case No. 2:15–cv–625**

**Judge Michael H. Watson**

## OPINION AND ORDER

On February 17, 2015, Plaintiff moved for leave to proceed *in forma pauperis* in this *pro se* prisoner civil rights case. Mot., ECF No. 1. On February 19, 2015, Magistrate Judge Kemp issued a report and recommendation ("R&R") recommending that Plaintiff's motion be denied. Specifically, Judge Kemp concluded that Plaintiff was prohibited from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g) (also known as the "three-strikes provision").

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The R&R notified the parties of their right to object, and Plaintiff has timely

objected, ECF No. 3.  For the reasons that follow, Plaintiff's objections are

**OVERRULED**, and the R&R is **ADOPTED**.

Plaintiff is a prisoner subject to the provisions of the Prisoner Litigation

Reform Act ("PLRA") and, as such, any application to proceed *in forma pauperis*

must conform to 28 U.S.C. § 1915(a)(2).  The PLRA prohibits the grant of leave to

proceed *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in
> a civil action or proceeding under this section if the prisoner has, on 3
> or more prior occasions, while incarcerated or detained in any facility,
> brought an action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious, or fails to state
> a claim upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Judge Kemp concluded that Plaintiff "has had three or more cases dismissed

in the past as frivolous or for failure to state a claim."  R&R 1, ECF No. 2 (citing

*Hillman v. Simms*, No. 2:08–cv–717, 2009 WL 650486, at *2–3 (S.D. Ohio Mar. 11,

2009), adopting 2008 WL 5273912, at *2 (S.D. Ohio Dec. 17, 2008) (recommending

dismissal of the case for failure to state a claim); *Hillman v. Simms*, No. 2:09–cv–

810, 2009 WL 4682448, at *2 (S.D. Ohio Dec. 3, 2009) (dismissing the case for

failure to state a claim); *Muff v. Collins*, No. 2:08–cv–1027, 2009 WL 233561, at *4–

5 (S.D. Ohio Jan. 29, 2009) (dismissing the case for failure to state a claim)).  Judge

Kemp also accounted *Hillman v. Edwards*, No. 2:12–cv–850, slip op. at 2–3 (S.D.

Ohio Oct. 15, 2011), in which Judge Gregory Frost has previously prohibited Plaintiff

from proceeding *in forma pauperis* under the three-strikes provision.  R&R 1, ECF

No. 2. In the matter *sub judice*, Judge Kemp determined that Plaintiff "has not addressed the issue of 'imminent danger' in his initial motion . . . [and] imminent danger is not apparent from the allegations of the complaint." *Id.* at 2. Judge Kemp recommends the Court deny Plaintiff's motion and require Plaintiff to pay the entire $400 filing fee. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002) ("The intent of the PLRA was to deter such [frivolous] litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.").

Plaintiff admits that "the [M]agistrate is right about the number of civil complaints filed by plaintiff." Obj. 2, ECF No. 3. Plaintiff argues that Judge Kemp "is wrong in his opinion that plaintiff should be charged one way or the other." *Id.*

Plaintiff fails to cogently respond to Judge Kemp's findings. Rather, his objections merely reiterate claims made in prior complaints. Plaintiff states that "had this court listened to either one of plaintiff's civil complaints, the plaintiff would not have felt the need to continue filing other civil matters associated with the same issues." Obj. 1, ECF No. 3. These objections do not indicate Judge Kemp erred in his findings, and indeed, the Court finds no error.

Plaintiff requests that he be allowed to voluntarily dismiss his Complaint "and not seek to punish Plaintiff . . . simply because Plaintiff wants to exercise a constitutional right." Obj. 2, ECF No. 3. However, it is this precise situation, a *pro se* plaintiff filing the same claims over and over, in which the Sixth Circuit determined that "the requirement that a prisoner litigant be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not

unfair." *In re Alea*, 286 F.3d at 382.  Failure to impose the court cost on Plaintiff would permit Plaintiff, who has been subject to the three-strikes provision twice now, to continue to file frivolous civil complaints—taking valuable time away from other non-frivolous litigation—without any consequences beyond their mere dismissal under § 1915(g).[1]  *Id.*

As Plaintiff has not shown any portion of the R&R to be in error, Plaintiff's objections are **OVERRULED**.  The R&R is **ADOPTED**.  Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 1, is **DENIED**.  Plaintiff shall pay the $400 filing fee within **thirty (30) days**.  If Plaintiff fails to pay the fee, Plaintiff's complaint will be dismissed without prejudice for failure to prosecute and an assessment of $400 will be assessed against Plaintiff.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court notes that the first instance in which Plaintiff was subject to the three-strikes provision, Judge Frost did not impose the court cost on Plaintiff.  *See Hillman v. Edwards*, No. 2:12–cv–850, slip op. at 3 (S.D. Ohio Oct. 15, 2011).